## SEARS, ROEBUCK & CO.
### vs.
## WILLIAM A. BREE, ET AL.

Superior Court      New Haven County      File #47952

Present:   Hon. ERNEST A. INGLIS, Judge.

Campner, Pouzzner & Hadden,   Attorneys for the Plaintiff.

William L. Carrig,                Attorney for the Defendants.

## MEMORANDUM FILED JUNE 26, 1936.

INGLIS, J. Since the filing of the "Memorandum Re Decision" on April 14, the parties have stipulated that the amount which the plaintiff was under the award of the Compensation Commissioner obligated to pay to the dependents of Brutus D. Shepherdson down to October 30, 1934, the date of the judgment in the case of **Bree vs. Lamb** and has paid with interest thereon to date is $1757.80.

The prayers for relief in the complaint are broad enough to demand a declaratory judgment as to the rights and duties of the parties with reference to the compensation paid pursuant to the award since the date of the judgment in **Bree vs. Lamb** and that to be paid in the future. That feature of the case was not expressly discussed in the former memorandum.

As is pointed out in the former memorandum **Section 5231 of the General Statutes** goes no farther than to provide that the compensation payer shall be reimbursed out of the amount recovered from the tort-feasor for compensation paid up to the date of the judgment against the tort-feasor. It is true, as is stated in **Rosenbaum vs. Hartford News Co., 92 Conn. 398,** that the statute contemplates that thereupon liability to pay compensation ceases. The award of compensation, however, is a judgment of court entered against the employer and compensation carrier and continues in force and effect until it is modified or set aside, as it may be done pursuant to the statute in the event of a change of circumstances. Such a judgment can not be attacked collaterally in an action such as this. The only thing for a compensation carrier to do in order to terminate his liability for compensation accruing after the date of a judgment against a tort-feasor is to make its application to the Compensation Commissioner for a modification of the award on the ground of a change of circumstances. Until the award is modified the compensation payer is bound to carry out its provisions and continue payments. If, as in this case, such an application is denied the compensation payer has its right of appeal. Whatever the outcome may be on the application, so long as the original award stands unmodified it constitutes a judgment with which the compensation payer must continue to comply.

The Workmen's Compensation Act makes no provision anywhere for the recovery by the compensation payer from the

deceased employee's dependents of any compensation paid after the date of a judgment against a tort-feasor. Failing that, the general principle that money paid pursuant to a valid judgment may not be recovered applies.

Judgment may enter that the plaintiff recover of the defendant Bree, Administrator, the sum of $1,757.80, that on payment of said sum said Bree, Administrator, is discharged from all obligation to the plaintiff and that so long as the award of the Workmen's Compensation Commissioner referred to in the complaint remains in effect and unmodified the plaintiff is obligated to comply therewith and that no costs be taxed in favor of any party.