## MARY L. BRAUN
vs.
## THE WIEDEMANN BREWERY CO.

Superior Court    New Haven County    File #37429

Present:  Hon. PATRICK B. O'SULLIVAN, Judge.

Henry Rabinowitz,             Attorney for the Plaintiff.

Francis W. Daley,             Attorney for the Defendant.

## MEMORANDUM FILED JANUARY 8, 1937.

O'SULLIVAN, J.  The present motion seeks an allowance for attorney's services rendered under the following circumstances:

The Wiedemann Brewery has been in receivership for several years. The receiver is an attorney and has been represented by another attorney throughout the liquidation proceedings. The claims of all creditors which were presented within the time limited by law have been paid in full and there has remained in the receiver's hands for several months approximately Ten Thousand Dollars which eventually will be paid to the preferred stockholders in partial satisfaction of

their claims against the corporation. A few months ago, the receiver was notified for the first time by the United States Government that it had levied a tax assessment and penalty of Six Thousand Dollars against the corporation for reasons which are immaterial to this discussion. While the receiver was endeavoring to adjust this claim, although apparently without much success, the petitioner, a lawyer of standing at the Bar, was retained by one owning substantially forty-five per cent. of the preferred stock issue to assist in solving the problem presented by the tax claim. Through his efforts, the District Attorney's office for the District of Connecticut agreed to a compromise settlement of One Thousand Dollars, but approval of this has not as yet been granted by the proper Washington officials. He now seeks an allowance for services rendered.

The petitioner has never been appointed by the Court to perform the work he has done, nor has the Court been apprised of his activities until the present application for allowance was made. His reason for engaging in the task was due entirely to his retention as counsel by the preferred stockholder referred to.

His claim for compensation rests on the theory that he has saved Five Thousand Dollars to a class of stockholders who in fairness and equity should bear some of the burden of his fee, in view of the fact that by his efforts he has caused to inure to them substantial money benefits. However, it is not certain that any such benefits have accrued until the compromise is actually agreed to by the Government. Hence, the petition should be denied for this reason alone. But that aside, it is difficult to see how this Court could order an allowance under the circumstances.

The petitioner was counsel for a stockholder. So far as the other stockholders in this Court are concerned, he was a volunteer. It would indeed furnish a singularly bad precedent to rule that attorneys representing parties to a receivership could obtain allowances for services performed for their clients and unauthorized and unknown of by the Court, even when those services result either in increasing the assets of the estate or in saving them for distribution to those entitled to them.

Accordingly the petition is denied.