[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT JASKEY'S MOTION FOR SUMMARY JUDGMENT
The plaintiffs Anna and Mieczyslaw Domejczyk allege in their complaint that on January 22, 1987, the defendant David Jaskey was a resident physician engaged in various work at New Britain General Hospital. The plaintiffs further allege that Dr. Jaskey delivered or helped deliver the plaintiff Anna Domejczyk's child, subsequently attended to the plaintiff in a surgical capacity, and that Dr. Jaskey negligently left a sponge inside the plaintiff during delivery or surgery. As a result, the plaintiff Anna Domejczyk claims that she sustained toxic shock syndrome and other injuries. The plaintiff husband CT Page 4917 brings a claim for loss of consortium.
The defendant Dr. Jaskey has moved for summary judgment on the ground that he is immune from suit under section4-165. Summary judgment will only be granted where the pleadings, affidavits and other proof submitted show that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. Gurliacci v. Mayer, 218 Conn. 531,562 (1991).
Conn. Gen. Stat. sec. 4-165 provides that "no state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." The defendant has submitted his own affidavit and the affidavit of the Director of Clinical Education at the University of Connecticut Health Center. Both of these affidavits state that David Jaskey was, at all times mentioned in the plaintiff's complaint, a resident physician at New Britain General Hospital and was employed by the State of Connecticut. Morever, it has been held that a resident physician performing his function in a medical rotation program comes within the definition of "state employee" contained in section 4-141 and receives the protection of section 4-165. Gonzales v. Hartford Hospital,4 CSCR 81 (December 6, 1988, Aronson, J.); see also Russell v. University of Connecticut Health Center, 4 CSCR 383 (April 7, 1989, Kremski, J.).
A review of plaintiff's complaint indicates only allegations of negligence and carelessness and does not contain any allegations that defendant Jaskey's actions were wanton, reckless or malicious. The court concludes that defendant Jaskey was an employee of the State of Connecticut and is immune from suit under the provisions of section 4-165, Conn. Gen. Stat.
Accordingly, defendant Jaskey's motion for summary judgment is granted.
JOSEPH H. GOLDBERG SENIOR JUDGE