[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON (1) CALDWELL'S MOTION TO STRIKE FIRST COUNT AND (2) WASSER'S MOTION TO STRIKE FOURTH COUNT
This is a six-count revised complaint sounding, in medical malpractice against the defendants, Dr. David M. Caldwell, Jr., a general surgeon, and Dr. Jeffrey S. Wasser, an oncologist, who treated Kathleen Malone for breast cancer in 1987.
The first three counts of the complaint are brought against Dr. Caldwell. The first two counts, brought on behalf of Kathleen Malone, allege breach of implied warranty and contract, and negligence, respectively. The third count, brought by Kevin Malone, alleges loss of consortium based upon the negligence count.
The fourth, fifth and sixth counts of the complaint are brought against Dr. Wasser. The fourth and fifth counts, brought on behalf of Kathleen Malone, allege breach of implied warranty and contract, and negligence, respectively. The sixth count, brought by Kevin Malone, alleges loss of consortium based upon the negligence count.
Dr. Caldwell has moved to strike the first count and Dr. Wasser has moved to strike the fourth count on the same ground, namely, that Connecticut does not recognize a plaintiffs claim for breach of contract based upon medical negligence and that these counts do not otherwise state a cognizable cause of action.
A motion to strike challenges the legal sufficiency of a pleading to state a claim upon which relief can be granted. Practice Book 152; see Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike admits all facts well pleaded; Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989); but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos, supra. CT Page 3647
In ruling upon a motion to strike, the trial court may consider only those grounds raised in the motion. Blancato v. Feldspar, 203 Conn. 34, 44, 522 A.2d 1235 (1987). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman, supra, 146.
Both defendants argue that the plaintiff's claim are merely a reiteration of the medical negligence claim set forth in the case of Caldwell in the second count of the complaint and in the case of Wasser in the fifth count of the complaint. Defendants claim that a physician's failure to employ the requisite care and skill necessary is negligence, and that the plaintiff's allegations that the defendant breached his agreement to "employ the requisite care and skill necessary. . ." is merely an attempt to set forth a medical negligence claim as one for breach of contract.
Plaintiff claims that the allegations of the first count and the fourth count, respectively, are sufficient to state a cause of action for breach of an implied contract, in that the "allegations of personal services in exchange for payment of valuable consideration result in an implied contract recognized at common law." The plaintiff maintains that Connecticut has long recognized that a claim for medical malpractice can be made based upon either tort or contract theories.
Connecticut courts have recognized that different actions lie by a patient against a physician, based on either tort or contract theories.
 "A doctor and his patient are at liberty to contract for a particular result, and if that result be not obtained, the plaintiff has a cause of action for breach of contract. . .This cause of action is entirely separate from malpractice, even though they both, as here, may arise out of the same transaction. . .The two causes of action are dissimilar as to theory, proof and damages recoverable. Malpractice is predicated upon the failure to exercise requisite medical skill and is tortious in nature. The action in contract is based upon a failure to perform a special agreement. Negligence, the basis of the one, is CT Page 3648 foreign to the other. The damages recoverable in malpractice are for personal injuries, including the pain and suffering which naturally flow from the tortious act. In the contract action they are restricted to the payments made and to the expenditures of nurses and medicines or other damages that flow from the breach thereof."
Camposano v. Claiborn, 2 Conn. Cir. Ct. 135, 137 (1963); see Labieniec v. Nichols, 4 CSCR 383, 384 (April 19, 1989, Aronson, J.). An action based upon a contract with a defendant doctor whereby the doctor assures or warrants a specific result is separate from a malpractice action. Labieniec, supra.
The first count of the plaintiff's complaint alleges, in pertinent part:
 5. Dr. Caldwell impliedly warranted and contracted to and with Kathleen Malone that he would employ the requisite care and skill necessary to undertake and carry out the specialized services of a general surgeon in the care and treatment of said lump in her right breast.
 6. Relying upon said warranty and contract, the plaintiff's decedent, Kathleen Malone, for valuable consideration returned to and relied upon Dr. David M. Caldwell for the care and treatment of said lump in her right breast.
 12. The defendant, Dr. David M. Caldwell, breached said contract and warranty to the plaintiff's decedent, Kathleen Malone, in that he failed to use due and proper care and skill in his treatment of Kathleen Malone in one or more of the following ways, (specific allegations omitted).
Plaintiff further alleges in Par. 14 that "as a result of said breach of warranty and contract by the defendant. . .Kathleen Malone sustained a substantial increase in her risk of developing metastatic adenocarcinoma of the right breast and said breach of warranty and contract was a substantial factor in causing said adenocarcinoma which Kathleen Malone in fact CT Page 3649 developed with recurrence of her breast cancer in her lung pulmonary nodules and in the right axilla." It is noted that the plaintiff incorporates the factual allegations of the first count (paragraph 1-3, 6-10) as the first eight paragraphs of his second count, but in paragraph 9 of the second count alleges that Dr. Caldwell was "negligent and careless in his care and treatment of Kathleen Malone" in the exact same ways listed in the first count, paragraphs 12(a) through (e). In paragraphs 12 through 17 of the second count, the plaintiff repeats the identical allegations of paragraphs 15 through 20 of the first count, but instead claims that the injuries and losses suffered by the plaintiff's decedent and her estate were the "result of said negligence and carelessness by the defendant" rather than the "result of said breach of warranty and contract by the defendant" as alleged in the corresponding paragraphs of the first count.
Despite plaintiff's conclusory allegations of a breach of implied warranty and contract, we conclude that the factual allegations of the first count are legally insufficient to support a cause of action for breach of implied warranty and contract. Plaintiff has not alleged a breach of a special or express agreement or a failure to effect a promised cure or accomplish a specified result, but has merely alleged that the defendant impliedly agreed to meet the requisite standard of care, or, in essence, impliedly agreed not to commit malpractice. "A fair reading of [the first count of] the complaint reveals that the gravamen of the . . . [count is] the alleged failure by the defendant to exercise the requisite standard of care." Barnes, supra, 735-36.
In the same way, plaintiff's claims for breach of implied warranty by Wasser in the fourth count against Wasser are basically the same allegations constituting the allegations of medical malpractice against Wasser in the fifth count and are legally insufficient to support a cause of action for breach of implied warranty.
Motions to strike First Count and Fourth Count are granted.
WAGNER, J.