[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: WHETHER GOOD FAITH CERTIFICATE REQUIRED FOR PROSECUTION OF CAUSE OF ACTION ALLEGING NEGLIGENCE AND FRAUDULENT MISREPRESENTATION BY PHYSICIAN
Plaintiff, J. Neil Silberkleit has filed an eight count complaint against defendants MEGA Life Health Ins. Co., (hereinafter "MEGA"), Stephen Spear, M.D., and Juan Hernandez, M.D.
The plaintiff alleges that he applied for health insurance through MEGA on March 21, 1991 and that he answered all questions on the insurance application honestly and to the best of his knowledge and recollection. The plaintiff further alleges that he terminated his prior insurance policy upon receipt of and in reliance on the policy with MEGA.
The plaintiff alleges that Dr. Stephen Spear, his family physician CT Page 9061 from December, 1987 through October 21, 1991, referred him to Dr. Juan Hernandez for consultation in December of 1987. Dr. Hernandez ordered a neck scan which was performed on the plaintiff and which revealed no evidence of any mass within the left parotid gland. The plaintiff alleges that in 1987-88 no one ever advised him that he needed surgery on his parotid gland.
The plaintiff alleges that subsequent to his receipt of an insurance policy with MEGA he suffered a parotid tumor and he placed a claim with the MEGA for reimbursement of the costs of the medical procedures for treatment of the tumor.
When MEGA requested plaintiff's medical records from Dr. Hernandez, MEGA discovered a letter dated April 11, 1988 sent to Dr. Stephen Spear from Dr. Hernandez indicating the possibility of surgery for a parotid tumor; however, there was no notation that a recommendation for surgery was conveyed to the plaintiff. The plaintiff alleges that although he was never given surgical advice, MEGA declined the plaintiff's claim for medical costs, rescinded all coverage under the policy and refunded all premiums paid as if coverage had never been in force.
In the first three counts, the plaintiff asserts claims against MEGA which have subsequently been withdrawn. In the fourth and fifth counts, the plaintiff asserts against Dr. Stephen Spear claims which are not relevant to this motion. The plaintiff asserts claims against Dr. Juan Hernandez in the sixth, seventh and eighth counts.
In the sixth count, the plaintiff alleges that Dr. Hernandez was negligent in failing to communicate a surgical recommendation to him and/or informing MEGA that he had informed the plaintiff of the recommendation for surgery.
In the seventh count, the plaintiff alleges that the same facts in the sixth count constitute a contract for medical services. The plaintiff also alleges in counts six and seven, that if he had been advised of the need for surgery, he would not have changed medical insurance in 1991 and he would not have incurred the uninsured medical bills after MEGA cancelled his policy in reliance on alleged surgical recommendation by Dr. Hernandez.
In the eighth count the plaintiff alleges that Dr. Hernandez falsely and fraudulently misrepresented to MEGA that he had advised plaintiff to have surgery related to the parotid tumor in CT Page 9062 1987 and/or 1988.
On May 21, 1993, Dr. Juan Hernandez filed a motion to strike the sixth, seventh, and eighth counts of the plaintiff's complaint for failure to state a claim upon which relief can be granted. This motion is accompanied by a memorandum of law. Dr. Hernandez argues that these counts sound in medical malpractice and are legally insufficient because a certificate of good faith is not included with the plaintiff's complaint as required by General Statutes 52-190a(a).
The plaintiff has filed a memorandum in opposition to Dr. Hernandez's motion to strike.
The function of a motion to strike is "to test the legal sufficiency of a pleading." Practice Book 152; Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike admits all facts well pleaded. Id. It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. (Emphasis omitted.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In deciding a motion to strike the "court must take the facts to be those alleged in the complaint;. . . ." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1991); and must construe the alleged facts in the manner most favorable to the plaintiff. Bouchard v. People's Bank, 219 Conn. 465, 47 1, 594 A.2d 1 (1991); Cavallo v. Derby Savings Bank,188 Conn. 281, 283, 449 A.2d 986 (1982). "[I]f the facts provable under the allegations would support a defense or cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., supra, 109.
General Statutes 52-190a(a) is part of the Tort Reform Act. The objective of the section is in part "deterrence of lawsuits against health care providers which are lacking in merit." Benciviengo v. Bertz, M.D., 4 CSCR 193 (January 20, 1981, Flanagan, J.). Section 52-190a(a) requires that the complaint in a negligence action against a health care provider contain a certificate of good faith.
General Statutes 52-190a(a) states:
 No civil action shall be filed to recover damages resulting from person injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care CT Page 9063 provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for good faith belief that there has been negligence in the care or treatment of the claimant. The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the Superior Court, of the attorney or party filing the acdon that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant.
Failure to attach a good faith certificate to a medical malpractice complaint renders it vulnerable to a motion to strike for failure to state a claim upon which relief can be granted. LeConche v. Elligers, 215 Conn. 701, 711, 579 A.2d 1 (1990). "Whether the plaintiff's cause of action is one for malpractice depends upon the definition of that word and the allegations of the complaint." Barnes v. Schlein, 192 Conn. 732, 473 A.2d 1221 (1984). Malpractice is defined as:
[A]ny professional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties; illegal or immoral conduct; improper or immoral conduct; misbehavior; wrongdoing; evil, bad, objectionable, or wrong practice; evil practice, acts or doings; illegal or unethical practice; practice contrary to established rules; practice contrary to rules. Camposano v. Clairborn, 2 Conn. Cir. Ct. 135, 136, 196 A.2d 129 (1963), quoting 54 C.J.S. 1111.
"Malpractice is predicated upon failure to exercise requisite medical skill and is tortious in nature. The action in contract is based upon failure to perform a special agreement." Labieniec v. Nichols, 4 CSCR 383 (April 19, 1989, Aronson, J.) Therefore, "an action based upon a contract with a defendant doctor whereby the doctor assures or warrants a specific result is separate from a malpractice action." Labieniec v. Nichols, supra, 384.
In count six, the plaintiff alleges that Dr. Hernandez was negligent in failing to communicate a surgical recommendation to the plaintiff. Dr. Hernandez argues that under General Statutes52-190a(a), the plaintiff's complaint required a good faith certificate because it is a negligence action against a health care provider. Clearly, a doctor's failure to advise a patient of the need for surgery sounds in medical malpractice. A fair reading of count six reveals that the pleadings are based on the alleged failure by Hernandez to exercise the requisite standard of care. CT Page 9064
Accordingly, the motion to strike count six is granted because the plaintiff has not included the required good faith certificate.
In count seven the plaintiff alleges breach of contract for medical services because Dr. Juan Hernandez failed to communicate a surgical recommendation to the plaintiff. Dr. Hernandez argues that count seven, although couched in contractual terms, repeats the allegations of count six and refers to his alleged negligence. The pleadings do not allege that the plaintiff contracted for a particular result from Dr. Hernandez. Therefore, the court finds that the plaintiff has not alleged a cause of action for breech of contract for medical services. Furthermore, since count seven sounds in negligence, prosecution under this count also would require a good faith certificate.
Accordingly, the motion to strike count seven is granted because the plaintiff has not included the required good faith certificate.
In the eighth count, the plaintiff alleges that Dr. Hernandez's fraudulent misrepresentation to MEGA occurred when he falsely claimed that he had advised the plaintiff to have surgery for the parotid tumor. This claim of fraudulent misrepresentation does not fall within the definition of medical of medical malpractice; Camposano v. Clairborn, supra; and does not require a good faith certificate. Accordingly, the motion to strike count eight is denied.
Jones, J.