[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On September 20, 1994, the plaintiffs, Randall Rivera, a minor, and his parents, Melvin Rivera and Maria Rivera, filed a five-count amended complaint against the defendants, Thomas Chmielewski, M.D. and Manchester Memorial Hospital, for injuries sustained by the plaintiff while under the care of the defendants. Currently before the Court is the defendant Manchester Memorial Hospital's Motion to Strike count three of the amended complaint.
In count three of their amended complaint, a breach of contract action against Manchester Memorial Hospital, the plaintiffs allege the following facts. Chmielewski treated Maria Rivera from December 5, 1989 until May 30, 1990 during her pregnancy with Randall Rivera. Maria Rivera developed gestational diabetes during pregnancy, which she claims Chmielewski failed to diagnose. The failure to diagnose this condition resulted in excessive prenatal growth of Randall Rivera, causing him to suffer asphyxia during his birth at Manchester Memorial Hospital on May 17, 1990, at which Chmielewski and hospital staff attended. The plaintiffs further allege that Randall Rivera was born hypoglycemic.
The plaintiffs further allege in count three that Manchester Memorial Hospital agreed to inform Maria Rivera of any potential problems and in the event that such problems materialized, Rivera would be informed of all risks and options.
On October 18, 1994 Manchester Memorial Hospital filed CT Page 11221-A a motion to strike the third count of Rivera's amended complaint on the ground that "Connecticut does not recognize a plaintiff's claim for breach of contract based upon medical negligence absent a special contract entered into by the defendant to achieve a particular result."
 I
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotations omitted.) Novametrix Medical Systems, Inc. v. BOC Group,224 Conn. 210, 214-15, 618 A.2d 25 (1991).
Manchester Memorial Hospital moves to strike Rivera's breach of contract claim on the ground that Connecticut does not recognize a claim for breach of contract in a medical negligence action, absent a special contract entered into by the parties. Manchester Memorial Hospital contends that it can not be liable in breach of contract unless the hospital specifically contracts to offer services beyond those legally imposed by the doctor/patient relationship. Manchester Memorial Hospital maintains that Rivera has not sufficiently alleged the breach of a special agreement to achieve a particular result or care. In summary, Manchester Memorial argues that Rivera's breach of contract claim is nothing more than a reiteration of the tort claim, and therefore should be stricken.
Rivera argues in opposition that the third count of the amended complaint states a legally sufficient cause of action for breach of contract. Rivera argues that a contract or agreement was formed between Manchester Memorial and Rivera when Manchester Memorial agreed to inform Maria Rivera of any potential problems or complications and all risks and options.
II CT Page 11221-B
For a plaintiff to recover in a medical malpractice action for breach of contract, the plaintiff's complaint can not be barren of any allegation pertaining to a breach of a contractual agreement. Barnes v. Schlein, 192 Conn. 732,736, 473 A.2d 1221 (1984).
With respect to the difference between actions by a patient against a physician based on either tort or contract theories, the court in Malone v. Caldwell,6 Conn. L. Rptr. 323, 324 (April 20, 1992, Wagner, J.), stated that
 [a] doctor and his patient are at liberty to contract for a particular result, and if that result be not obtained, the plaintiff has a cause of action for breach of contract . . . This cause of action is entirely separate from malpractice, even though they both, as here, may arise out of the same transaction . . . The two causes of action are dissimilar as to theory, proof and damages recoverable. Malpractice is predicated upon the failure to exercise requisite medical skill and is tortious in nature. The action in contract is based upon a failure to perform a special agreement. Negligence, the basis of the one, is foreign to the other.
Furthermore, the court in Labieniec v. Nichols, M.D.,4 CSCR 383, 384 (April 19, 1989, Aronson, J.) stated that "our analysis is that an action based upon a contract with a defendant doctor whereby the doctor assures or warrants a specific result is separate from a malpractice action."
In the present case, Rivera's amended complaint does not allege that Rivera and Manchester Memorial Hospital contracted for a specific result, only that the hospital agreed to inform Maria Rivera of any potential problems and any risks and options if problems materialized. There are no allegations in the amended complaint that indicate that a specific result or special agreement was bargained for between the two parties in this action.
Accordingly, because the plaintiffs have failed to plead facts from which it could be found that the parties bargained for a specific result, as is necessary in a CT Page 11221-C contract action between a patient and doctor under the holdings of the courts in Malone and Labieniec, the plaintiffs have not sufficiently pleaded a cause of action in breach of contract. Manchester Memorial Hospital's Motion to Strike count three of the amended complaint is therefore granted.
Michael R. Sheldon Judge