[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION REVISED COMPLAINT 12/12/94
This is an action claiming money damages arising out of treatment at Soundview Specialized Care Center, a convalescing facility to which the Plaintiff, (hereinafter Baylis) was transferred after treatment at the Hospital of St. Raphael (hereinafter the Hospital). The Defendant is a duly licensed medical doctor, (hereinafter Fernando) in the State of Connecticut who has previously treated Baylis for several years.
Baylis fell on November 23, 1992 while placing trash at his curb. A neighbor Fred Beuther called Fernando's office and was advised to go to the emergency room of the Hospital. He was taken by ambulance and x-rays were taken of his pelvic area. Baylis remained in the Hospital for two days with Fernando designated as his attending and admitting physician. An x-ray was taken on November 23, 1992 which report indicated an avulsion fracture. The Defendant visited Baylis on November 24, 1992 and advised Baylis of what that x-ray showed. Fernando ordered total bed rest for 48 hours. On November 24 an image consultation was performed to rule out the possible pelvic fracture which became available to the Defendant on November 25, 1992, the same day that Baylis was transferred to the convalescent facility. The image consultation report questioned the initial diagnosis of an avulsion fracture in that it stated it does not appear to have been a fracture (See Defendant's Exhibit 8). Fernando testified once the final report was available he did advise Baylis that it did not appear that there was a fracture but that Baylis could not ambulate without CT Page 6659 help. Baylis disputes he was ever told of the results of the image consultation. Baylis contends that the Defendant knew that original diagnosis was wrong and that he owed a duty to inform the Plaintiff of his true condition once he learned of it. The Plaintiff asserts that based upon the diagnosis of Fernando the Hospital's Continuing Care Department transferred the Plaintiff to the convalescent facility for bed rest. The Plaintiff asserts in his two count complaint that he unnecessarily incurred the expenses of convalescing at the convalescent facility because the Defendant, doctor, failed to inform the Plaintiff of his true medical condition and that based upon this misrepresentation the Plaintiff acted to his detriment (see Revised Complaint dated December 22, 1994 paragraphs 22 and 23). The Second Count of the Revised Complaint alleges inter alia a breach of contract. In paragraph 22 of that count he alleges essentially that the Defendant doctor breached "his implied agreement" in that he failed to inform the Plaintiff of his medical condition correctly and that he did not require a need for skilled nursing care and that the Plaintiff had an option to convalesce at home. From the outset all credible evidence at trial established that Baylis had no relative or person who could have sufficiently assisted him at home. Both a relative and friend who testified at no time convinced this court that either would have or could have reasonably assisted the Plaintiff for the necessary time to convalesce.
The Plaintiff asserts under paragraph 21 of the First Count that the Plaintiff does not claim medical malpractice by the Defendant but rather negligent misrepresentation.
The Defendant testified that his decision that Baylis required 24 hour skilled nursing care remained the same under the circumstances of the condition of Baylis regardless of whether the fracture was or was not confirmed by the image consultation. Fernando knew of the history of Baylis and felt in his professional opinion he needed skilled care.
No medical evidence was presented that the Plaintiff did not need the care at the convalescent facility. Fernando gave his opinion as to the needs of Baylis; no expert gave a contrary opinion.
The Plaintiff knew his condition was not covered under medicare at the Hospital and knew it would be less costly to go to a convalescent facility. CT Page 6660
The Plaintiff to prevail in a suit must allege and prove that a misrepresentation of fact is untrue that the Defendant knew it was untrue that the Plaintiff relied on the misstatement and that the Defendant failed to exercise reasonable care or competence in obtaining and communicating the information. (See Williams FordInc. v. Hartford Courant Co., 232 Conn. 559 (1995).
The court cannot extend in the field of medical malpractice to include a claim for negligent misrepresentation. There is no reliable evidence in this case to establish that the Defendant doctor knew that a misdiagnosis, if any, can be stretched to a negligent misrepresentation. This court agrees with the Defendant; whether a doctor's care or treatment was unreasonable or incompetent must be proven by expert testimony. Vinchiarello v.Kathuria, 18 Conn. App. 377, 381 (1989); Campbell v. Pommier,5 Conn. App. 29, 32 (1975).
The Plaintiff has failed to prove that this case in fact is one of negligent misrepresentation or that whatever treatment was ordered for the Plaintiff was not reasonable under the circumstances.
The Plaintiff's reliance on the case of Silberkleit v. MegaLife Health Ins. Co., 8 CSCR 971 (October 4, 1993, Jones, J.), is misplaced, Silberkleit did not decide the issues presented in this case, the motion to strike in that case was sustained on grounds of failure to file a good faith certificate.
The Second Count of the Revised Complaint alleges inter alia that the Plaintiff's doctor impliedly breached his contract to give proper medical care because he failed to inform the Plaintiff that the Plaintiff had an option to convalesce at home. Again the Second Count sounds in medical malpractice.
The Defendant argues that in order for a physician to be liable for breach of contract with a patient the physician must have made specific promises about treatment or result. Barnes v.Schlein, 192 Conn. 732, 735 (1984); Bria v. St. John's Hospital,153 Conn. 626, 631 (1966); White v. Bridgeport Radiology Assoc.,P.C., 10 Conn. L. Rptr. No. 7, 220 (1993).
The Plaintiff has failed to prove that the Defendant doctor made any specific promises or impliedly breached his contract to render other than competent medical treatment. CT Page 6661
Accordingly, judgment is entered in favor of the Defendant as to Count One and Count Two of the Revised Complaint dated December 22, 1994.
Frank S. Meadow State Trial Referee