[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This is an action for personal injuries sustained by plaintiff when he fell on his way out of the defendant Medical Testing Laboratory after a blood test.
On May 16, 1995 the plaintiff, Kurt Reichenbach filed a complaint alleging that on September 26, 1991 at approximately 8:00 am to 8:30 am, and at the direction of his doctor, the plaintiff contracted with the defendant to have two vials of his blood drawn at its Glastonbury facility for medical testing as part of his overall medical physical examination by his doctor. The venipuncturist technician employed by the defendant, drew two vials of the plaintiff's blood while the plaintiff was seated in one of the defendant's chairs.
Plaintiff further alleges that during the blood drawing process, the plaintiff advised the defendant's technician that he did not recall any recent prior blood-drawing experience, and the plaintiff specifically inquired whether he should wait or rest after the blood-drawing procedure before leaving the defendant's facility; that defendant's technician advised the plaintiff that he could leave after she finished labeling the two vials of his blood if at that time, he still felt fine; that the vial labeling was completed in less than 30 seconds, and the plaintiff still felt fine so he left the defendant's facility; that after, walking only a short distance down a corridor through two sets of exit doors of the building, the plaintiff suddenly felt fainted and collapsed due to a vasovagal syncope episode as a result of the venipuncture performed falling forward onto the cement floor, sustaining the various injuries claimed, including a fractured jaw, injuries to numerous teeth, TMJ and permanent scarring.
Plaintiff claims that his injuries and damages were caused by the defendant's breach of contract in that the CT Page 8409 defendant's venipuncturist failed to use that degree of skill, diligence and care during the blood-drawing process as was and is used and followed by competent venipuncturists in various ways, including the venipuncturists' failure to require the plaintiff to remain at the defendant's facility for a 3-5
minute observation period following the drawing of his blood before permitting the plaintiff to leave; and her failure to closely observe the plaintiff during an observation period following the venipuncture procedure, to observe plaintiff's symptoms of the onset of his syncope episode and to protect the plaintiff from his collapse and resultant injuries and damages.
On March 22, 1995 the defendant filed this motion for summary judgment along with a memorandum of law on the ground that the plaintiff's complaint is barred by General Statutes § 52-584 because the original complaint was brought more than two years after the alleged injury was sustained.
Plaintiff filed an objection on the ground that the two year statute of limitations is inapplicable because this is a contract claim governed by the six-year statute of limitations.
The plaintiff argues that he has alleged sufficient facts to state a cause of action for breach of contract or at least there is a genuine issue of fact whether there was a breach of contract and therefore, the two year limitation period in General Statutes § 52-584 is inapplicable to the present case. The plaintiff argues that numerous Supreme Court cases have recognized that a plaintiff may allege a valid course of action in contract against a medical provider and that his action was commenced within the six-year statute of limitations period applicable to this action.
 I
General Statutes § 52-584 provides: in pertinent part that "no action to recover damages for injury to the person . . . . could by negligence . . . . or by malpractice . . . . shall be brought but within two years from the date when the injury is first sustained . . . .
Although a medical laboratory is not specifically listed among the medical providers to which "malpractice" is CT Page 8410 applicable, plaintiff has raised no claim that a medical laboratory is not covered by this statute.
For a plaintiff to recover in a medical malpractice action for breach of contract, the plaintiff's complaint can not be barren of any allegation pertaining to a breach of a contractual agreement. Barnes v. Schlein, 192 Conn. 732, 736,1221 (1984). Plaintiff attempts to distinguish Barnes v.Schlein, from this case because he has alleged a breach of contract. In Malone v. Caldwell, 6 Conn. L. Rptr. 323, 324 (April 20, 1992, Wagner, J.), this court stated that:
 [a] doctor and his patient are at liberty to contract for a particular result, and if that result be not obtained, the plaintiff has a cause of action for breach of contract. . . This cause of action is entirely separate from malpractice, even though they both, as here, may arise out of the same transaction. . . The two causes of action are dissimilar as to theory, proof and damages recoverable. Malpractice is predicated upon the failure to exercise requisite medical skill and is tortious in nature. The action in contract is based upon a failure to perform a special agreement. Negligence, the basis of the one, is foreign to the other.
In that case this court granted a motion to strike counts based on breach of contract because the gravamen of the claims were essentially that defendant failed to exercise the requisite standard of care.
In Labieniec v. Nichols, M.D., 4 CSCR 383, 384 (April 19, 1989, Aronson, J.) the court stated that "our analysis is that an action based upon a contract with a defendant doctor whereby the doctor assures or warrants a specific result is separate from a malpractice action."
In the present case all the allegations sound in negligence and the plaintiff's complaint does not allege that the plaintiff and the defendant contracted for a specific result. There are no allegations in the amended complaint that indicate that a specific result or special agreement was bargained for between the two parties in this action. The plaintiff merely states that he "contracted with the defendant CT Page 8411 to have two vials of his blood drawn at its Glastonbury facility. . ."
We are unable to draw a distinction between a complaint which fails to allege a contract and a complaint which alleges a contract but fails to allege any facts which would indicate the existence of a contract. No facts have been alleged which would tend to demonstrate that the parties bargained for a specific result as would be required in a contract action by a patient against a medical provider. There is no genuine issue of material fact as to whether there was a contract between the plaintiff and the defendant sufficient to permit this plaintiff to recover on a contract theory and its clear that despite the claim of contract this is a negligence act sounding in malpractice and is barred by General Statutes § 52-584.
Motion for Summary Judgment granted.
Wagner, J.