[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO STRIKE
The plaintiff has brought a five count complaint against the defendant dentist alleging, in the first count, professional negligence; in the second count, a breach of warranty; in the third count, breach of contract; in the fourth count, negligent misrepresentation; and in the fifth count, violation of the Connecticut Unfair Trade Practices Act (CUTPA). All five counts are based on the same set of underlying facts which are alleged in the first count. The defendant has moved to strike counts two, three and four of the plaintiff's complaint.
The court notes that all that distinguishes each of the disputed counts from those which are not challenged by this motion to strike are the statements that the defendant "represented and warranted" that the work would be done in accordance with reasonable dental standards (count two); that the defendant contracted with the plaintiff to provide dental services (count three); and that the defendant "misrepresented to the plaintiff . . . that the treatment rendered . . . was within accepted dental standards when he knew or reasonably should have known that the treatment rendered was defective and substandard" (count four). The disputed counts do not include particularized factual allegations upon which one could conclude that there had been any express warranty by the defendant, that the parties had contracted for any specific result or that the defendant had made any particular representations to the plaintiff regarding the quality of the work.
The breach of contract issue has been addressed by our Supreme Court in Barnes v. Schlein, 192 Conn. 732, 736 (1984). It is true, as the defendant notes, that the obvious intent of the plaintiff in that case was to raise the contract claim in the hope of avoiding the consequence of complete dismissal of the action because it had been brought beyond the malpractice statute of limitations. Whatever the plaintiff's motivation may have been in that case, however, the clear implication of Barnes v. Schlein
is that absent any allegation pertaining to a breach of a contractual agreement calling for a specific result, a case that is essentially one that sounds in malpractice may not also be pursued as a contract action. More recent trial court decisions CT Page 9302 suggest strongly that the Supreme Court had intended that the bald assertion that there was a contract would be insufficient to sustain a companion contract count, and that particularized allegations of fact that would indicate the existence of a contract to produce a specific result would be necessary. See, e.g., Reichenbach v. Metpath NewEngland, 1 Conn.Ops 862 (August 7, 1995) (Wagner, J.); Malone v.Caldwell, 6 Conn. L. Rptr. 323-24 (1992) (Wagner, J.); Donnelly v.Candlewood Obstetric-Gynecological Associates. P.C., 6 Conn. L. Rptr. 532, 1992 Ct. CaseBase 5214; Labieniec v. Nichols, M.D., 4 CSCR 383, 384 (April 19, 1989) (Aronson, J.)
The plaintiff in this case has recited no facts upon which one could conclude that a contract existed between the parties, and certainly none upon which it could be concluded that the parties contracted for a specific result. The motion to strike as it pertains to count three should therefore be granted.
A similar result is required with respect to count two. A mere allegation of a breach of warranty without any allegation of facts which would indicate the existence of such a warranty or that a specific result, as opposed to performance or treatment in accordance with accepted dental standards, was the subject of such a warranty, renders this count one upon which relief may not be granted as a matter of law.
As to count four, which appears to allege negligent misrepresentation, it too relies on the same basic set of underlying facts but claims also that the defendant misrepresented to the plaintiff "that the treatment rendered to the plaintiff was within accepted dental standards when he knew or reasonably should have known that the treatment rendered was defective and substandard." It cannot be determined from reading the pleadings whether the alleged misrepresentation occurred after the fact and/or as an attempt to dissuade the plaintiff from taking legal action against the defendant based on treatment which he himself felt to be unsatisfactory, or whether it is merely a restatement of the malpractice claim in another form. If the former, it could reasonably be construed as stating a claim upon which relief could be granted. If the latter, it should be stricken.
The defendant did not request a revision of this count which might have clarified this issue. Viewing the count as pleaded in the light most favorable to the pleader, as it must, this court CT Page 9303 cannot conclude that it fails to state a claim upon which relief may be granted.
The second and third counts of plaintiff's complaint are therefore stricken, and the motion to strike is denied as to count four.