[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (#102)
On September 16, 1994, the plaintiff, Kathy L. Starratt, filed a five count complaint in medical malpractice, breach of fiduciary duty, breach of contract, invasion of privacy and violation of the Connecticut Unfair Trade Practices Act (CUTPA) against the defendant, James C. Spencer M.D. The plaintiff alleges in her complaint that the defendant was her family physician, that she confided to him that she was being subjected to sexual assault and harassment by her employer, and the defendant disclosed these confidences to her employer.
The defendant filed a motion to strike counts one, two and three of the plaintiff's complaint on the grounds that the plaintiff failed to file a certificate of good faith as is required by General Statutes § 52-190a, and the plaintiff has not alleged sufficient facts to support a breach of fiduciary duty. The defendant filed a memorandum in support of his motion to strike on June 9, 1995. The plaintiff filed a memorandum in opposition on August 16, 1995.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorable to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,
CT Page 12572-W224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.BOC Group, Inc., supra, 224 Conn. 215.
The defendant argues that counts one and three are legally insufficient because the plaintiff has not filed a certificate of good faith, which is in violation of General Statutes §52-190a.[1]
"The general purpose of 52-190a is to discourage the filing of baseless lawsuits against health care providers. . . . The lack of a certificate of good faith is not a jurisdictional defect and thus does not deprive the court of subject matter jurisdiction. . . . Our cases explain that the failure to attach a certificate of good faith pursuant to § 52-190a subjects the case to a motion to strike the complaint pursuant to Practice Book § 152(1) for failure to state a claim upon which relief can be granted. . . ." (Citations omitted; footnote omitted; internal quotations marks omitted.) Gabrielle v. Hospital of St.Raphael, 33 Conn. App. 378, 383-84, 635 A.2d 1232 (1994).
The plaintiff alleges in her complaint that the defendant's disclosure of confidential information was a breach of the professional standard of care and that breach caused her emotional' distress. Malpractice has been defined as "[a]ny professional misconduct of any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties; illegal or immoral conduct; improper or immoral conduct; misbehavior; wrongdoing; evil, bad, objectionable or wrong practice; practice contrary to established rules; [or] practice contrary to rules." (Internal quotation marks omitted.)Silberkleit v. Mega Life Health Insurance Co., 8 CSCR 971, 972
(September 8, 1993, Jones, J.). Furthermore, it has been held that "emotional distress falls within the scope of `personal injury' as that term is used in General Statutes § 52-190a."Oliver v. Blue Cross Blue Shield, 7 CSCR 850, 852 (June 4, 1992, Pickett, J.). The plaintiff has chosen to plead a cause of CT Page 12572-X action in medical malpractice under negligence in count one, and under contract in count three. Therefore, the plaintiff is required to comply with the obligations of § 52-190a. Accordingly, because the plaintiff has not filed a certificate of good faith the defendant's motion to strike should be granted as to counts one and three.
The defendant has also moved to strike count two on the ground that a fiduciary duty does not arise out of the doctor/patient relationship. The plaintiff contends that such a fiduciary relationship does exist between a physician and patient.
A "fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. . . . The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him." (Internal quotation marks omitted.) Konover Development Corp. v.Zeller, 228 Conn. 206, 219, 635 A.2d 798 (1994). The determination of whether such a fiduciary relationship exists is one of fact, and therefore, is not appropriately determined on a motion to strike. See e.g. Chmelecki v. Decorative ScreenPrinters, Inc., Superior Court, Judicial District of New London at New London, Docket No. 532041 (June 19, 1995, Hurley, J.);Gengras v. Coopers Lybrand, 11 Conn. L. Rptr. 252, 254 (April 6, 1994, Espinosa, J.). Nevertheless, several courts have indicated that a fiduciary relationship does exist between physician and patient. See Villa Construction, Inc. v.Southington Savings Bank, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 540241 (August 3, 1995, Corradino, J.); Valentino v. Gaylord Hospital,6 Conn. L. Rptr. 87, 88 (February 19, 1992, Lewis, J.); Johnson v. Wadia,
Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 075560 (March 28, 1991, Lewis, J.); Raye v.Meriden-Wallingford Hospital, 4 CSCR 559, 560 (June 2, 1989, Berdon, J.). Accordingly, the defendant's motion to strike should be denied as to count two.
RICHARD J. TOBIN, JUDGE