SHARON E. SULLIVAN, ADMINISTRATRIX (ESTATE OF
EUGENE R. SULLIVAN, JR.) *v.* STATE OF
CONNECTICUT ET AL.
(10944)

SPEZIALE, C. J., HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued December 1, 1982—decision released March 22, 1983

*Thomas B. Wilson,* for the appellant (plaintiff).

*Andrew J. O'Keefe,* with whom were *Denise M. Phelan* and *Matthew J. O'Keefe,* for the appellees (defendants).

SHEA, J. This appeal raises the issue of whether a wrongful death action charging negligent operation of a motor vehicle, in which both the plaintiff's decedent and the defendant[1] were state employees,

---

[1] The state of Connecticut was an intervening defendant in the trial court, but filed no appearance in this appeal. All of the references to the defendant in the balance of this opinion are to the defendant Kinne.

was properly dismissed by the trial court on the ground that it was barred by the immunity granted state employees under General Statutes § 4-165.[2]

The facts are undisputed. The plaintiff's decedent and the defendant were co-workers at the state department of transportation. During the course of employment the defendant backed a state owned vehicle into the decedent thereby causing fatal injuries. Liability insurance was carried on the vehicle. Both parties concede that, as the widow of the decedent, the plaintiff is entitled to benefits under the Workers' Compensation Act.

In her capacity as administratrix, the plaintiff has brought this action against the defendant under the motor vehicle exception of the Workers' Compensation Act; General Statutes § 31-293a;[3] which provides that "no action may be brought against such fellow employee except for negligence in the operation of a motor vehicle as defined in section 14-1 . . . ." By way of special defense, the defendant has claimed immunity from liability to the plaintiff pursuant to General Statutes § 4-165, which provides that no state employee shall be personally liable for injuries not wantonly or wilfully

[2] General Statutes § 4-165 provides: "No state officer or employee shall be personally liable for damage or injury, not wanton or wilful, caused in the performance of his duties and within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter. . . ."

[3] "[General Statutes] Sec. 31-293a. NO RIGHT AGAINST FELLOW EMPLOYEE; EXCEPTION. If an employee or, in case of his death, his dependent has a right to benefits or compensation under this chapter on account of injury or death from injury caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee except for negligence in the operation of a motor vehicle as defined in section 14-1 or unless such wrong was wilful or malicious. . . ."

caused in the course of employment. The plaintiff has not alleged that the defendant's acts were wanton or wilful. The defendant moved to dismiss[4] the complaint on the ground that the action was barred by § 4-165. The trial court granted the motion and the plaintiff has appealed from that judgment.

The plaintiff alleges three grounds for finding the trial court erred in concluding her action was barred: (1) that the immunity granted state employees by § 4-165 is inapplicable to claims arising under the motor vehicle exception of § 31-293a; (2) that, should § 4-165 be applicable, the § 31-293a right of action is properly construed as superseding § 4-165 immunity; and (3) that by depriving the plaintiff of a legal cause of action to redress her injuries, § 4-165 violates the state constitution.[5] We find no error.

--------

[4] No objection has been raised to the procedure of using a motion to dismiss rather than a motion for summary judgment to obtain a pretrial adjudication of the merits of the special defense of immunity from liability by virtue of General Statutes § 4-165 raised by the defendant. See Practice Book §§ 143, 384. We have decided to consider the issues as the parties have presented them to us on their merits.

[5] Specifically, the plaintiff charges violations of article first, §§ 1, 10 and 19, of the Connecticut constitution. The substance of the plaintiff's constitutional claim is that by abolishing her common-law negligence action against the defendant without providing an alternative remedy at law, General Statutes § 4-165 deprives the plaintiff of a constitutionally protected property right; article first, §§ 10 and 19; and grants a prohibited privilege to state employees; article first, § 1. Although the plaintiff's brief mentioned in passing the equal protection provisions of the fourteenth amendment to the United States constitution and article first, § 20 of the Connecticut constitution, the plaintiff stated at oral argument that these provisions were not part of her constitutional challenge. This court has held in analogous circumstances that the statutory indemnification granted municipal firemen under General Statutes § 7-308, which renders firemen immune to suits by co-workers under the motor vehicle exception of the Workers' Compensation Act; General Stat-

Since the filing of this appeal this court has had the opportunity to resolve the issue of whether the private right of action against a fellow employee for negligent operation of a motor vehicle permitted by § 31-293a is unavailable to state employees because of the immunity granted by § 4-165. In *McKinley* v. *Musshorn*, 185 Conn. 616, 441 A.2d 600 (1981), we held that the subsequent enactment of § 31-293a did not modify the general immunity granted state employees by § 4-165 for acts which are not wantonly or wilfully committed. At oral argument, the plaintiff conceded that *McKinley* disposed of her first two claims of error and has abandoned those claims.

The only issue remaining before this court, therefore, is whether § 4-165, by depriving the plaintiff of the opportunity to bring an action to recover damages for injuries sustained by her decedent at the hands of his co-worker, abrogates her rights as guaranteed by the state constitution. This issue has not been previously addressed by this court. We decline, however, to resolve the question at this time because it is not properly before this court.

It is a cardinal principle of judicial review "that when an adequate administrative remedy is provided by law, it should be exhausted." *Connecticut Life & Health Ins. Guaranty Assn.* v. *Jackson*, 173 Conn. 352, 357, 377 A.2d 1099 (1977); see *Connecticut Mobile Home Assn., Inc.* v. *Jensen's, Inc.*, 178 Conn. 586, 588, 424 A.2d 285 (1979); *Rybinski* v. *State Employees' Retirement Commission*, 173 Conn. 462, 467, 378 A.2d 547 (1977); *Wagner* v.

---

utes § 31-293a; is not violative of the equal protection provisions of either the federal or the state constitution. *Keogh* v. *Bridgeport*, 187 Conn. 53, 66–69, 444 A.2d 225 (1982).

*Connecticut Personnel Appeal Board,* 170 Conn. 668, 671, 368 A.2d 20 (1976); 3 Davis, Administrative Law § 20.01; General Statutes § 4-183 (a);[6] 2 Am. Jur. 2d, Administrative Law § 595. Claims of constitutional violations are no exception to this general rule. See *Florentine* v. *Darien,* 142 Conn. 415, 426–27, 115 A.2d 328 (1955). Application of this principle, however, is limited to those situations where the pursuit of administrative remedies is not necessarily futile. See *Connecticut Mobile Home Assn., Inc.* v. *Jensen's, Inc.,* supra, 588; *Bianco* v. *Darien,* 157 Conn. 548, 554–55, 254 A.2d 898 (1969); 2 Am. Jur. 2d, Administrative Law § 603.

As previously noted the plaintiff's action against the defendant is barred by § 4-165, which provides immunity to state employees from personal liability for injury not wantonly or wilfully caused in the performance of their duties and within the scope of their employment. Section 4-165 continues, however, "[a]ny person having a complaint for such . . . injury *shall* present it as a claim against the state under the provisions of this chapter." (Emphasis added.) In *McKinley* we indicated the availability of this administrative remedy when we stated: "An individual having a liability claim for which a state employee is immune pursuant to

---

[6] "[General Statutes] Sec. 4-183. APPEAL TO SUPERIOR COURT. (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review by way of appeal under this chapter, provided, in case of conflict between this chapter and federal statutes or regulations relating to limitations of periods of time, procedures for filing appeals or jursdiction or venue of any court or tribunal, such federal provisions shall prevail. A preliminary, procedural or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy."

General Statutes § 4-165 may present it as a claim against the state to the claims commissioner." Id., 621.

The state claims commissioner is charged with the duty to hear and determine all petitions for the payment or refund of money from the state or for permission to sue the state. See General Statutes §§ 4-141, 4-142.[7] After a hearing, the commis-

---

[7] The commissioner is unauthorized to consider certain types of claims. See General Statutes § 4-142. Among those categories of excepted claims are those "upon which suit otherwise is authorized by law . . . ." § 4-142 (2). We do not read this exception as presenting a procedural bar to the plaintiff in the present case.

The state has suggested that the plaintiff might have an authorized action at law against the state under General Statutes § 52-556. This section provides that "[a]ny person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury." This waiver of sovereign immunity, substantially unchanged since its enactment in 1927; see Public Acts, 1927, c. 209; permits recovery against the state on a vicarious liability theory for certain negligent acts by its agents, a common-law liability borne by private employers. See *Fitzpatrick* v. *Hill,* 18 Conn. Sup. 35, 37 (1952); 1 Restatement (Second), Agency § 219 (1). Of course, the state retains the right to interpose any lawful defense. *Fitzpatrick* v. *Hill,* supra, 36; 81A C.J.S., States § 314, p. 994; see *Bergner* v. *State,* 144 Conn. 282, 285, 130 A.2d 293 (1957).

Section 52-556, however, is inapplicable to the plaintiff. There is no cause of action against the state on the ground of vicarious liability under § 52-556 when brought by a state employee or his representative. Prior to the enactment of § 52-556, the state had already submitted itself to claims for injury incurred by state employees under the then effective Workmens' Compensation Act. See General Statutes §§ 5339-5414 (Rev. to 1918). When the state, as an employer under the act; see General Statutes § 5388 (Rev. to 1918); agreed to participate in the compensation program, it was immune from liability "to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of his death resulting from injury so sustained . . . ." General Statutes § 5341 (Rev. to 1918). The agreement of the employer and employee to be subject to the act was deemed to be a "mutual renunciation and waiver of all rights

missioner may approve immediately any claim not exceeding $5000 which he determines is a "just claim"; General Statutes § 4-158; one "which in equity and justice the state should pay, provided the state has caused damage or injury or has received a benefit . . . ." General Statutes § 4-141. For claims exceeding $5000, the commissioner submits a recommendation for rejection or payment to the general assembly, which in turn may accept, alter or reject the recommendation. General Statutes § 4-159. In addition, when the commissioner

and claims arising out of injuries [so] sustained . . . ." Id. The effect of nonparticipation on an employer, however, was to render such employer "liable to action for damages on account of personal injuries to his employees . . . ." General Statutes § 5344 (Rev. to 1918).

When the legislature enacted § 52-556 in 1927, granting a cause of action to the general public against the state for negligent operation of motor vehicles by state employees, the state already had submitted itself to certain claims by its employees under the Workmens' Compensation Act. Since the state had already expressly delineated its liability to employees, we decline to read the subsequent enactment of § 52-556 as expanding the rights of those employees to include a second cause of action against the state. The state cannot be sued without its consent. *McKinley* v. *Musshorn,* 185 Conn. 616, 621, 441 A.2d 600 (1981); *Sentner* v. *Board of Trustees,* 184 Conn. 339, 342, 439 A.2d 1033 (1981); *Horton* v. *Meskill,* 172 Conn. 615, 623, 376 A.2d 359 (1977). The legislature is presumed to have acted in light of existing relevant statutes and with the intent to enact a consistent body of law. *McKinley* v. *Musshorn,* supra, 623; *Budkofsky* v. *Commissioner of Motor Vehicles,* 177 Conn. 588, 592, 419 A.2d 333 (1979). "[A]bsent manifest intent to repeal an earlier statute, when general and specific statutes conflict they should be harmoniously construed so the more specific statute controls." *McKinley* v. *Musshorn,* supra, 624; *Edmundson* v. *Rivera,* 169 Conn. 630, 635, 363 A.2d 1031 (1975).

We do not view the subsequent revisions of the workers' compensation statutes, which eliminated the express provision of liability to employees personal injury claims for nonparticipating employers, as affecting our conclusion that the legislature did ·not intend § 52-556 to authorize an additional cause of action for state employees or their representatives who are eligible for workers' compensation.

"deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable." General Statutes § 4-160 (a).[8] In such authorized actions the rights and liability of the state are coextensive with and equal to those of a private person in like circumstances. Id.

The plaintiff admits that she has never filed a petition with the state claims commissioner. In oral argument, the plaintiff contended that recourse to that administrative agency would have been futile since the commission would have been statutorily barred from granting adequate relief. The Workers' Compensation Act grants to employers immunity from liability for personal injuries sustained by employees in the course of employment. See General Statutes § 31-284 (a). According to the plaintiff, it would be futile for the commissioner to authorize the plaintiff's suit under § 4-160 (a) because the decedent was covered by the Workers' Compensation Act and, therefore, the state, in the capacity of a private employer, would be immune from liability under § 31-284 (a). Furthermore, the commissioner, under § 4-160 (a), may only authorize suits against the state on a "claim which, in his opinion, presents an issue of law or fact

[8] "[General Statutes] Sec. 4-160. AUTHORIZATION OF ACTIONS AGAINST THE STATE. (a) When the claims commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable. In each such action the claimant shall allege such authorization and the date on which it was granted. The state waives its immunity from liability and from suit in each such action and waives all defenses which might arise from the eleemosynary or governmental nature of the activity complained of. The rights and liability of the state in each such action shall be coextensive with and shall equal the rights and liability of private persons in like circumstances."

under which the state, were it a private person, could be liable."

The plaintiff is correct in her analysis of the ultimate outcome of an application for permission to sue the state under § 4-160 (a). It is well established that when an employee's injury is covered by the Workers' Compensation Act, statutory compensation is the sole remedy and that recovery in common-law tort against the employer is prohibited. *Morin* v. *Lemieux,* 179 Conn. 501, 503, 427 A.2d 397 (1980); *Jett* v. *Dunlap,* 179 Conn. 215, 217, 425 A.2d 1263 (1979); see *Horney* v. *Johnson,* 167 Conn. 621, 622-23, 356 A.2d 879 (1975); *Mase* v. *Meriden,* 164 Conn. 65, 67, 316 A.2d 754 (1972). We cannot conclude, however, that recourse to the commissioner under other provisions of the claims act would have resulted in an inadequate remedy. If timely filed,[9] the commissioner would have been empowered to consider the plaintiff's claim that, in addition to workers' compensation benefits, she was entitled to compensation by the state on the ground that the immunity granted state employees under § 4-165 deprived her of damages which otherwise might have been recoverable through a negligence action under the motor vehicle exception of § 31-293a. If the commissioner had determined that such a claim was one which "in equity and justice the state should pay," he could have either granted an award not exceeding $5000 or recommended approval of a greater amount to the general assem-

---

[9] The plaintiff may now be barred from presenting her claim to the state commissioner for failure timely to file her petition for compensation. General Statutes § 4-148 (a) provides that "[n]o claim shall be presented under this chapter but within one year after it accrues. Claims for injury to person or damage to property shall be deemed to accrue on the date when the damage or injury is sustained . . . ."

bly. General Statutes §§ 4-158, 4-159. If her claim had been rejected by the commissioner or the general assembly, the plaintiff would then have been free to bring her constitutional claim to the Superior Court. See *Hirschfeld* v. *Commission on Claims,* 172 Conn. 603, 607–608, 376 A.2d 71 (1977).

Since we are not aware of any legal barrier to the presentation of the plaintiff's claim to the commissioner or to his favorable action upon it, we cannot assume that recourse to that procedure would necessarily have been futile or inadequate. We conclude that the plaintiff has failed to exhaust an available administrative remedy which might well have provided the relief sought and to which § 4-165 expressly directs recourse. This failure bars her from an adjudication of the constitutional claims she has raised because no deprivation of her right to bring an action could be found where the same relief sought in that action might conceivably have been obtained through an alternative procedure established by the statute under challenge, which she has chosen to ignore. See *Holt-Lock, Inc.* v. *Zoning & Planning Commission,* 161 Conn. 182, 186, 286 A.2d 299 (1971); *Corsino* v. *Grover,* 148 Conn. 299, 307–308, 170 A.2d 267 (1961); *Vartelas* v. *Water Resources Commission,* 146 Conn. 650, 655–56, 153 A.2d 822 (1959); *Florentine* v. *Darien,* supra, 426–27.

Since *McKinley* disposed of the plaintiff's first two claims of error and we have declined to review the third for failure to exhaust administrative remedies, we sustain the trial court's dismissal of the plaintiff's complaint.

There is no error.

In this opinion the other judges concurred.