[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Brenda Van Buren, filed a petition against the defendant, Ernest Jordan alleging that Mr. Jordan is the father of Sarah Elizabeth Jordan, born out of wedlock on June 25, 1986. Following a hearing at which the plaintiff offered evidence, the court finds the allegations to have been proven.
There is no issue regarding lying-in-expenses or future support. The only issue concerns an interpretation of Public Act 89-360 which amended General Statute Sec. 26b-171. Section 26b-171 of the Connecticut General Statutes as amended to 1969, stated: "If the defendant is found guilty, the court shall order him to stand charged with the support and maintenance of such child. . . ." and further provided ". . .and the court shall ascertain the expense of lying-in and of support and maintenance of the child until the time of rendering judgment. . . ."
Section 26b-171 was amended by 1989 Public Act 89-360, Section 15, which section only added the words ". . .or family support magistrate" at three points in the text of that section. However, Section 42 of the same Act further amended Section 46b-171, and in the text thereof, deleted the following wording: ". . . ascertain the expense of lying-in and of support and maintenance of the child until the time of rendering judgment, and. . . . ".
The defendant claims that such deletion demonstrates a clear legislative intent to bar past support and maintenance. This claim overlooks General Statute Sec. 2-30b which provides, "when two or more acts are passed at the same session of the general assembly amend the same section of the general statutes, . . .each amendment shall be effective except in the case of irreconcilable conflict. . . ." Section 15 of Public Act 89-360 was clearly intended to include family support magistrates. Section 42 made other changes concerning support and enforcement along with the inadvertent deletion of responsibility to pay past support and maintenance. A reading of the two sections discloses no irreconcilable conflict thereby calling into play Section 2-306. By incorporating the amendments in section 15 and 42, General Statute Sec. 26b-171 contains no conflicts and is consistent with legislative interest. CT Page 1541
As stated in State v. Kozlowski, 199 Conn. 667 at 678, "although penal statutes are to be construed strictly, they are not to be construed so as to disregard the context in which they exist or to frustrate the obvious interest of the legislature." State v. Rogue, 190 Conn. 143, 151. Courts must preserve that in passing a subsequent act, the legislature did so with an awareness of the earlier one and with an intent to create a consistent body of law. Sullivan v. State,189 Conn. 550, 555n. The court finds that the two amendments may be reconciled and therefore the defendant is responsible to contribute to past support.
There remains the question of a reasonable amount of past support and future contribution. The plaintiff discloses total weekly income of $397.11 and expenses of $426.53 plus $12.69 for debt reduction. The defendant shows net weekly income of $632.15 and weekly expenses of $758.04 with debt reduction of $29.25. Based upon the respective earnings of the parties and the needs of the child, the court finds that the defendant should contribute $30.00 per week retroactive to June 25, 1986 a period of four years and six weeks for a total of $6,480.00 to be paid at the rate of $10.00 per week.
Finally, the court finds that the defendant is the father of Sarah Elizabeth Jordan and that he should sign the child's birth certificate pursuant to General Statute Sec. 7-50. A reasonable attorney's fee of $750.00 is awarded payable $50.00 per month.
Judgment may enter accordingly.
PICKETT, J.