[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff instituted the present action to recover monetary damages for injuries sustained as a result of the malpractice of the defendant dentist arising from dental treatment received by the plaintiff while he was incarcerated at the CT Page 11179-D Community Correctional Center at Bridgeport, a correctional facility licensed by the Department of Correction of the State of Connecticut ("DOC"). The defendant has filed a motion to dismiss the action asserting that the defendant is immune from suit pursuant to the provisions of General Statutes 4-165 which provides, in part, as follows:
 "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter."
The defendant has submitted affidavits establishing that he was acting, at all relevant times, in his capacity as a state employee within the scope of is employment, and therefore asserts that under General Statutes 4-165, he is immune from liability and that the appropriate remedy available to the plaintiff is the presentation of such a claim to the Claims Commissioner. See such cases as Sullivan v. State, 189 Conn. 550 (1983); McKinley v. Musshorn,185 Conn. 616 (1981).
The plaintiff does not contest the appropriateness of a Motion to Dismiss to determine the issue presented, but asserts that, by the nature of the practice of dentistry, the defendant is not an employee within the meaning of the statute. The plaintiff argues that the defendant is an independent contractor because the state does not have the right to control the means and methods by which dentists practice their profession. See such cases as Spring v. Constantino, 168 Conn. 563 (1975); Silverberg v. Great South West Fire Insurance Co., 214 Conn. 632 (1990). In the Spring case the court held that a public defender, appointed to represent the plaintiff in a criminal proceeding, was not immune from liability, by virtue of the provisions of General Statutes 4-165 on the grounds that the public defender status was one of an independent contractor. In so holding, the court noted the adversarial relationship between a public defender and the State of Connecticut and stated:
 "The independence of the public defender and his freedom from entanglement with the state is a key constitutional underpinning of the Connecticut public defender system. It would be incongruous to say on the one hand that CT Page 11179-E public defenders are insulated from `improper pressures or influences from any source political or otherwise. . .to insure that they may fearlessly. . .defend. . .regardless of the public temper of the moment, or the power, influence or connections of the parties involved' (citation omitted); and on the other hand to give the state the right to interfere with the control of that defense in any greater degree than with the conduct of a defense by a privately employed attorney." Spring v. Constantino, supra at 575; as to the adversarial nature of an attorney appointed by the state as compared with medical employees of the state, see West v. Atkins, 487 U.S. 42, 101 L.Ed.2d 40; 108B Supreme Court 2250, 2256-2257 (1988).
In support of his Motion to Dismiss, the defendant has file, affidavits by himself, by the Director of Human Resources for the DOC and by the Director of Dental Services for the DOC. The affidavits filed by the defendant demonstrate that the defendant is a full time employee of the state and rendered the medical services referred to in the complaint as such an employee. It is also established that the defendant's health insurance, pensions and other benefits are received as a full time employee of the state and that he is subject to various State Statutes regarding employees. More importantly, however, the affidavits establish that the defendant is subject to periodic work evaluation and annual service ratings to evaluate the quality of his work and the exercise of his professional judgment; his work schedule, rate of pay and facility assignment are established and controlled by the state; the office and treatment areas where the defendant works are provided by the State of Connecticut and located within various DOC correctional facilities; all dental equipment, dental supplies and medications are provided by the state for his use; all equipment and repair purchase orders from the defendant must be approved by others; the defendant is restricted as to dental labs that he may choose to utilize; the defendant is limited in the drugs that he can prescribe (for example — he cannot prescribe Percodan which is a drug prescribed for pain); the defendant has restrictions imposed upon him as to the number of pills that can be prescribed and given for self administration; the defendant is instructed to contact the officer or Director of Dental Services for guidance for such it items as consultations concerning the need for hospital or specialist referrals; the defendant is subject to DOC directives and standards regarding the provision of dental care; and there are a number of dental services which are not provided and the defendant is not CT Page 11179-F authorized to provide such services.
Given the restrictions imposed upon the defendant in the practice of dentistry, the state, if it were a private person, would be liable to the acts of the defendant. See, Shenefield v. Greenwich Hospital Association, 10 Conn. App. 239, 249 (1987). Accordingly, the court holds that the defendant is immune from liability by virtue of provisions of General Statutes 4-165 and that the appropriate remedy for the plaintiff is the presentation of a claim to the Claims Commissioner under the provisions of Chapter 53 of our statutes.
The plaintiff has also filed a supplemental memorandum of law asserting that the provisions of General Statutes 4-165 are unconstitutional in that they deny the plaintiff the right of equal protection under the laws guaranteed by the Fourteenth Amendment of the United States Constitution and the Connecticut Constitution. However, the plaintiff has not alleged that he has filed a claim with the Claims Commissioner. The plaintiff has therefore failed to exhaust the available administrative remedies that may have provided the relief sought and to which the Statute in issue expressly directs recourse. "This failure bars (him) from an adjudication of the constitutional claims (he) has raised because no deprivation of (his) right to bring an action could be found where the same relief sought in that action might conceivably have been obtained through an alternative procedure established by the statute under challenge, which (he) has chosen to ignore. Sullivan v. State, supra at 559.
Accordingly, the Motion to Dismiss the Complaint is hereby granted.
RUSH, J. CT Page 11180