[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS OF DEFENDANT KAREN GOODROW
Defendant Karen Goodrow has moved to dismiss this action as to her on the grounds that she is immune from personal liability under 4-165 of the Connecticut General Statutes.
The plaintiff has alleged that Ms. Goodrow was negligent by failing or refusing to perform her responsibilities as a public defender in a habeas corpus proceeding in a competent fashion. He has further alleged that Ms. Goodrow has violated various sections of the Code of Professional Responsibility in that she gave him incorrect legal advice and failed to consult with him, among other things. The court has taken judicial notice that after the habeas court accepted Attorney Goodrow's withdrawal of her appearance on behalf of Mr. Smith, Mr. Smith was provided with special public defenders who continued to vigorously litigate the habeas action in the trial court and in the Appellate Court and that the plaintiff prevailed in part on the petition for habeas corpus.
Connecticut General Statutes 4-465 provides in relevant part:
 No state officer or employee shall be personally liable for damage or injury, not wanton, reckless, or malicious, caused in the discharge of his duty or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the CT Page 9118 provisions of this chapter. For the purposes of this section "scope of employment" shall include, but not be limited to, representation by an attorney appointed by the public defenders services commission as a public defender, assistant public defender, or deputy assistant to public defender.
In this case, the plaintiff alleges that Attorney Goodrow was acting within the scope of her employment as an assistant public defender.
The complaint does not allege wilful or wanton conduct on the part of defendant Goodrow and, therefore, 4-165
bars this action against defendant Goodrow.
At oral argument the plaintiff stated that he was alleging the violation of constitutionally protected rights by defendant Goodrow. Such an allegation is not readily apparent from the face of the complaint. However, even if the complaint is construed to allege violation of the state or federal constitution by Attorney Goodrow, 4-165 still provides her with immunity. Sullivan v. State, 189 Conn. 550,554-555, 457 A.2d 304 (1983).
For the foregoing reasons the motion to dismiss is granted.
Aurigemma, J.