[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
On behalf of the citizens of the State of Connecticut, the plaintiff filed a one-count complaint with this court against the State of Connecticut on January 23, 1995. The complaint alleges that on January 18, 1995, the State of Connecticut violated the contracts clause of the United States constitution by invalidating seven of eight union pay raises granted by arbitration. The plaintiff alleges that at the urging of Governor John Rowland, the state Senate voted to reject pay raises that had been negotiated between the state and the state employee unions.
On February 3, 1995, the State of Connecticut filed a motion to dismiss the complaint on the grounds that the court lacks subject matter jurisdiction because the plaintiff lacks standing to bring this action; that the claim is barred by sovereign immunity and plaintiff failed to show a case or controversy. The defendant filed a memorandum in support of the motion to dismiss and the plaintiff filed a memorandum of law in opposition.[1]
Standing is a concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjustifiable interests. Maloney v. Pac, 183 Conn. 313, 320, CT Page 2145439 A.2d 349 (1981). "Standing focuses on whether a party is the proper party to request adjudication of the issues." Nyev. Marcus, 198 Conn. 138, 141, 502 A.2d 869 (1985). It has long been recognized that a person is not "entitled to set the machinery of the courts in operation except to obtain redress for an injury he has suffered or to prevent an injury he may suffer, either in an individual or a representative capacity."Nye v. Marcus, supra at 141-142, quoting Bassett v. Desmond,140 Conn. 426, 430, 101 A.2d 294 (1953).
Litigants must prove the burden of showing facts essential to their standing. Shaskan v. Waltham IndustriesCorporation, 168 Conn. 43, 50, 357 A.2d 472 (1975). A member of the public who has not alleged how he has been harmed lacks standing to maintain a cause of action. Connecticut Business Industry Assn., Inc. v. CHHC, 218 Conn. 335, 348,589 A.2d 356 (1991). The plaintiff has failed to allege that he has been injured.
The complaint includes no prayer for relief. Thus he has alleged no case or controversy and the court has no subject matter jurisdiction over his complaint; CIBA Inc. v. CHHC,218 Conn. 335, (346-7) (1991) Reply of the Judges, 33 Conn. 586
(1867).
In addition to lack of standing and failure to present a case or controversy the plaintiff is barred by sovereign immunity.
It is fundamental law that the State cannot be sued in its own name for any relief without its consent. McKinley v.Musshorn, 185 Conn. 616, 621 (1981); Sullivan v. State,189 Conn. 550, 556 n. 7 (1983); Fetterman v. University of Conn.,192 Conn. 539, 550-553 (1984). Sovereign immunity may be waived by the State by appropriate legislation. In Horton v.Meskill, 172 Conn. 615, 624 (1977) the Conn. Supreme Court recognized a limited exception to the doctrine when a declaratory judgment is sought that a defendant officer "is proceeding under an unconstitutional statute or in excess of his statutory authority.
The State Senate voted to reject seven of the eight arbitration awards for certain state employee unions acting under the provisions of § 5-278 Conn. Gen. Stat. CT Page 2146
The plaintiff has not alleged a waiver by the state and has alleged nothing that would bring him within the Horton
exception. In addition he has failed to bring a declaratory judgment action.
The Motion to Dismiss is granted.
Hale, State Trial Referee