[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 105)
Before the court is the defendant's motion to strike the second and third counts of the plaintiff's third amended complaint and corresponding prayers for relief.
The third amended complaint alleges the following facts.[1] The plaintiff, Hilda Gonzalez, believed that she suffered injuries during the course of her employment, and she received medical attention for those injuries. The plaintiff filed a notice of her injury with both her employer, the defendant, Warnaco, Inc., and with the workers' compensation commission. On November 2, 1998, the plaintiff's doctor cleared her for work. On November 5, 1998, the plaintiff reported to work as agreed. That same day, after approximately four hours of work, the defendant terminated the plaintiff's employment. The defendant forwarded the plaintiff's final paycheck through the Fairfaxx Corporation.[2]
Count one of the third amended complaint alleges that the defendant terminated the plaintiff in retaliation for filing a workers' compensation claim in violation of General Statutes § 31-290a. Count two alleges that the defendant's actions were intentional or reckless in that the defendant knew or should have known that its actions would cause financial and emotional distress to the plaintiff. Count three alleges that the actions of the defendant constitute a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. (CUTPA).
The defendant filed a motion to strike counts two and three of the complaint, and paragraphs two, three, four, seven, eight, and nine of the prayer for relief. The plaintiff filed a memorandum in opposition thereto.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded; CT Page 15381 it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). A motion to strike is the proper method for attacking the legal sufficiency of any prayer for relief in a complaint. See Practice Book § 10-39.
 A Count Two of the Amended Complaint and Paragraph Four of the Prayer for Relief
The defendant moves to strike count two of the plaintiff's third amended complaint along with its corresponding prayer for relief contained in paragraph four. The defendant argues that count two and paragraph four of the prayer for relief are barred by the exclusivity principle embodied in the Workers' Compensation Act, General Statutes § 31-284(a).[3] In response, the plaintiff argues that the issue of exclusivity should be raised by a special defense, and not by a motion to strike. The plaintiff further argues that intentional acts of the employer are exceptions to the Workers' Compensation Act, and, further, that the injury did not arise during the course of employment. As to the common-law damages, the plaintiff argues that the remedies provided for are inadequate when an intentional tort is involved.
"It is well established that when an employee's injury is covered by the Workers' Compensation Act, statutory compensation is the sole remedy and that recovery in common-law tort against the employer is prohibited."Sullivan v. State, 189 Conn. 550, 558, 457 A.2d 304 (1983). Further, the Supreme Court has "observed that both the employer and the employee have relinquished certain rights to obtain other advantages. The employee no longer has to prove negligence on the part of the employer, but, in return, he has to accept a limited, although certain, recovery. . . . The employer, in turn, guarantees compensation to an injured employee in return for the exclusivity of workers' compensation liability to its employees." (Internal quotation marks omitted.) Green v. General DynamicsCorp., 245 Conn. 66, 71-72, 712 A.2d 938 (1998).
"Therefore, since the legal justification for the common-law action is the nonaccidental character of the injury from the defendant employer's standpoint, the common-law liability of the employer cannot, under the almost unanimous rule . . . be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other misconduct of the employer short of genuine intentional injury." (Citations omitted; internal quotation marks omitted.) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). The alleged intentional acts here CT Page 15382 are not the type of "genuine intentional injury" contemplated by the Supreme Court in Mingachos. Count two of the plaintiff's amended complaint alleges intentional and/or reckless conduct on the part of the defendant for forwarding the plaintiff's final paycheck through Fairfaxx Corporation. (See Plaintiff's Third Amended Complaint, Count Two, ¶ 19.) The third amended complaint alleges that the defendant knew or should have known that attempting to distance itself from the plaintiff by using the Fairfaxx Corporation would cause financial stress and emotional distress, further exacerbating the plaintiff's injuries. (See Plaintiff's Third Amended Complaint, Count Two, ¶ 19.) However, the plaintiff has not brought a claim against the insurer for bad faith or intentional mishandling of her workers' compensation claim, both of which the plaintiff argues are exceptions to the exclusivity principle. Nevertheless, because the defendant's insurer is not a party to the action, the court need not determine whether such exceptions exist or apply. Therefore, the court grants the defendant's motion to strike count two of the third amended complaint, together with its corresponding prayer for relief.
 B Count Three
The defendant moves to strike count three of the third amended complaint on the ground that it is legally insufficient. Specifically, the defendant argues that the employer-employee relationship is outside of the scope of CUTPA. In response, the plaintiff argues that she is not seeking relief on the CUTPA violation as an employee, but as a citizen and member of the public, and, therefore, the injury does not arise out of the employer-employee relationship.
In count three the plaintiff alleges that the defendant acted to discourage workers' compensation claims by terminating the plaintiff and forwarding her final paycheck through the Fairfaxx corporation. The plaintiff does not allege, however, that the actions of the defendant were taken in the course of a trade or business. Therefore, by implication, the defendant's actions took place solely within the confines of the employer-employee relationship. Indeed, the Appellate Court decided this very issue in 1992. "The plaintiff does not allege that the defendant committed these acts in the conduct of any trade or commerce . . . The United States District Court in Banerjee v. Robert, 641 F. Sup. 1093
(D.Conn. 1986), held that the employer-employee relationship does not fall within the definition of trade or commerce for the purposes of an action under CUTPA. The Banerjee court noted that although an employer may engage employees for the purpose of promoting trade or commerce, the actual employment relationship is not itself trade or commerce for the CT Page 15383 purpose of CUTPA." (Internal quotation marks omitted.) Quimby v. KimberlyClark Corp., 28 Conn. App. 660, 670, 613 A.2d 838 (1992). Therefore, the plaintiff has failed to plead facts sufficient to sustain a count for a violation of CUTPA. Accordingly, the court grants the defendant's motion to strike count three, and its corresponding prayers for relief.
 C Remaining Prayers for Relief
Pursuant to General Statutes § 31-290a(b) a prevailing plaintiff is entitled to attorney's fees and costs, and the court may award the plaintiff punitive damages. Accordingly, paragraph nine, which seeks "punitive" (treble) damages pursuant to General Statutes § 52-564 and § 31-290c(a), is stricken. Additionally, the workers' compensation act does not provide for injunctive relief, and, therefore, paragraphs seven and eight of the prayer for relief are also stricken.
Based on the foregoing, the court grants the defendant's motion to strike counts two and three of the plaintiff's third amended complaint, and paragraphs two, three, four, seven, eight, and nine of the prayer for relief.
SKOLNICK, J.