[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff, Benjamin Pagoni, filed a complaint against the defendant, State of Connecticut, on April 3, 2001. This action arises out of injuries and damages allegedly sustained when a motor vehicle, operated by Stephen Sedensky and owned and insured by the state, collided with the rear of the plaintiffs automobile. Both parties were employed by the state and were acting in the course of their employment at the time of the collision.
The plaintiff alleges negligence on the part of Stephen Sedensky in operating the vehicle. The plaintiffs action is solely based on General Statutes § 52-556.[1]
On May 3, 2001, the defendant filed a motion to dismiss the plaintiff s complaint on the ground that the court lacks subject matter jurisdiction because this action is barred by the doctrine of sovereign immunity. Both parties have filed memoranda of law in support or opposition of the motion.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. " Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "The motion to dismiss shall be used to assert (I) lack of jurisdiction over the subject matter. Practice Book § 10-31.
The defendant moves to dismiss on the ground that the action is barred by sovereign immunity and thus, the court lacks subject matter jurisdiction. It argues that the state has general sovereign immunity unless the immunity is expressly abrogated by a statute. The statute relied on by the plaintiff, General Statutes § 52-556, expressly abrogates sovereign immunity but it does not apply to this case. It does not apply here because where, as here, workers' compensation benefits are available to a state employee, the workers' compensation program is the plaintiffs exclusive remedy and a state employee eligible for workers' compensation benefits does not have an additional cause of action pursuant to § 52-556. State v. Sullivan, 189 Conn. 550, 555-56 n. 7,457 A.2d 304 (1983). The plaintiff admits to having applied for, and having received, workers' compensation benefits. (The plaintiff's response to the defendant's Request for Admissions.)
In opposition, the plaintiff argues that he is authorized to bring this action under § 52-556 because the statute expressly authorizes "any CT Page 14359 person" to bring an action against the state for bodily injuries or property damages caused by the negligent operation of a state owned and insured motor vehicle by any state official or employee. It is not disputed that a state official or employee, Sedensky, drove the state owned and insured motor vehicle that hit the plaintiffs car. Because the statute expressly authorizes "any persons to sue the state, the plaintiff argues that sovereign immunity does not apply and that the court has subject matter jurisdiction.
Specifically, the plaintiff argues that even though he has applied for and received workers' compensation benefits, he is not barred from bringing this action pursuant to Section 52-556, General Statutes. because, in his opinion, Sec. 52-556 is more "specific" statute, as compared to the more "general" Workers' Compensation Act,[2] so the more "specific" statute, rather than the more "general" statute, should govern this action. See McKinley v. Musshorn, 185 Conn. 616, 624,441 A.2d 600 (1981) ("absent manifest intent to repeal an earlier statute, when general and specific statutes conflict they should be harmoniously construed so the more specific statute controls"). The plaintiff argues that, because the meaning of the word "any" as used in the statute is plain, unambiguous and unqualified, the legislature's intent is that anybody, including a state employee, can sue the state when injured by a state employee or official who is operating a state owned and insured motor vehicle.
There is no merit to the plaintiffs argument. As the defendant has correctly pointed out, the Supreme Court has expressly stated that §52-556 does not apply to a state employee who is entitled to the workers' compensation benefits. Sullivan v. State, supra, 189 Conn. 555-56 n. 7.[3]
The plaintiffs argument, that the Supreme Court's pronouncements on this subject are dictum, is not availing. "There is weak dictum and strong dictum. Our Supreme Court has acknowledged that dictum is not binding because it is made "with no intent to lay down in positive form a rule of law.' Sharkiewicz v. Smith, 142 Conn. 410, 412, 111 A.2d 691
(1955)." Sleavin v. Greenwich Gynecology Obstetrics, P.C.,6 Conn. App. 340, 345, cert. denied, 199 Conn. 807, 508 A.2d 32 (1986). In view of the strong and lengthy discussion by the Supreme Court in footnote 7 of Sullivan v. State, supra, 555-56 n. 7, the Supreme Court's language in Sullivan is construed as clearly having "an intent to lay down in positive form a rule of law." Sleavin v. Greenwich Gynecology Obstetrics. P.C., supra, 345-46. The court in Sullivan v. State concluded that a state employee does not have an additional cause of action pursuant to § 52-556 where he is entitled to workers' compensation.
Because it is not disputed that the plaintiff is entitled to, and has CT Page 14360 received, workers' compensation, he does not have another cause of action pursuant to § 52-556.
For the foregoing reasons, the court hereby grants the defendant's motion to dismiss on the ground that the court lacks subject matter jurisdiction.
 By the Court, Joseph W. Doherty, Judge