ANTONIO CHARLESTON *v.* GARY H. CAHN
(AC 17781)

O'Connell, C. J., and Foti and Landau, Js.

Argued January 11—officially released April 20, 1999

*Kevin J. Curseaden,* with whom, on the brief, was *Brendan T. Canty,* for the appellant (plaintiff).

*Michael R. Brandt,* with whom, on the brief, was *Ronald D. Williams, Jr.,* for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff appeals from the judgment of the trial court granting the defendant's motion for summary judgment. The plaintiff claims that (1) the trial court improperly relied on *Sullivan* v. *State,* 189 Conn. 550, 457 A.2d 304 (1983), and (2) the combined effect of General Statutes §§ 4-165, 4-160, 31-293a and 31-284 (a) deprives the plaintiff of his constitutional right to seek redress for his injury. We affirm the judgment of the trial court.

This case involves a negligence claim brought by the plaintiff, a state employee, against the defendant, another state employee, for injuries sustained when, during the course of their employment, a street sweeper operated by the defendant struck the plaintiff.[1] The trial court granted the defendant's motion for summary judgment concluding that the failure of the plaintiff to exhaust his administrative remedies by not filing a claim with the claims commissioner bars review of his constitutional claim.

*Sullivan* v. *State*, supra, 189 Conn. 558–59, provides: "It is well established that when an employee's injury is covered by the Workers' Compensation Act [General Statutes § 31-275 et seq.], statutory compensation is the sole remedy and that recovery in common-law tort against the employer is prohibited. . . . We cannot conclude, however, that recourse to the commissioner under other provisions of the claims act would have resulted in an inadequate remedy. If timely filed, the commissioner would have been empowered to consider the plaintiff's claim that, in addition to workers' compensation benefits, she was entitled to compensation by the state on the ground that the immunity granted state employees under § 4-165 deprived her of damages which otherwise might have been recoverable through a negligence action under the motor vehicle exception of § 31-293a. If the commissioner had determined that such a claim was one which 'in equity and justice the state should pay,' he could have either granted an award not exceeding $5000 or recommended approval of a greater amount to the general assembly. General Statutes §§ 4-158, 4-159. If her claim had been rejected by the commissioner or the general assembly, the plaintiff would then have been free to bring her constitutional claim to the Superior Court. . . .

---

[1] The plaintiff received workers' compensation benefits from his employer for his injuries.

"Since we are not aware of any legal barrier to the presentation of the plaintiff's claim to the commissioner or to his favorable action upon it, we cannot assume that recourse to that procedure would necessarily have been futile or inadequate." (Citations omitted.)

We conclude that the trial court properly relied on *Sullivan* v. *State*, supra, 189 Conn. 550, and, accordingly, we decline to review the plaintiff's constitutional claim for failure to exhaust administrative remedies.

The judgment is affirmed.