[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The present action arises out of a two-car accident which occurred on Route 9 in Middletown, Connecticut on February 28, 1997. The following facts are undisputed. At the time of the accident, the plaintiff, Barry Eshoo, a state employee, was a passenger in a car owned by the State of Connecticut and operated by Deborah M. Iannicelli, also a state employee. A car owned by the defendant, Helene Holden, and operated by the defendant, Alexandra E. Holden, collided with the car in which the plaintiff was riding.
The plaintiff filed a complaint in two counts against the defendants. The defendants/apportionment plaintiffs filed an apportionment complaint sounding in negligence against the apportionment defendant, Iannicelli. The apportionment defendant filed a motion for summary judgment and supporting memorandum of law. The apportionment plaintiffs filed a memorandum of opposition to which the apportionment defendant filed a reply. The court heard oral argument on June 12, 2000.
 DISCUSSION
Pursuant to Practice Book § 17-49, "summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, 746 A.2d 753 (2000). A defendant's motion for summary judgment is properly granted if the motion "raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) Serrano v.CT Page 12710Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
The apportionment defendant moves for summary judgment on the ground that the apportionment plaintiffs' claim is barred because, pursuant to General Statutes § 4-165, she is immune from suit as a state employee. The apportionment plaintiffs concede that the apportionment defendant is a state employee. The argue that § 4-165 is inapplicable to the apportionment complaint that seeks apportionment of liability only, not payment of damages. The apportionment plaintiffs further argue that the apportionment defendant is subject to suit pursuant to General Statutes §§ 52-556 and 31-293a. This matter is appropriate for summary judgment because there are no questions of material fact to be determined.
"In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the recoverable . . . damages. . . ." General Statutes § 52-572h(c) as amended by No. 99-69 of the 1999 Public Acts.[1] "A defendant in any civil action to which section 52-572h
applies may serve a writ, summons and complaint upon a person not a party to the action who is or may be liable pursuant to said section for a proportionate share of the plaintiff's damages in which case the demand for relief shall seek an apportionment of liability." General Statutes § 52-102b(a).
The apportionment defendant argues that she is immune from liability pursuant to General Statutes § 4-165 and is, therefore, immune from apportionment of liability pursuant to General Statutes § 52-102b. "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." General Statutes §4-165. "No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h." General Statutes § 52-102b(c).
The apportionment plaintiffs do not dispute that § 4-165 provides immunity for state employees, rather they argue that § 4-165 is inapplicable because they are simply attempting to apportion liability in accordance with § 52-572h and are not seeking payment from the apportionment defendant. They argue that immunity does not apply because the apportionment defendant is not exposed to damages.
CT Page 12711 The apportionment plaintiffs' position has been examined and denied by the Connecticut Appellate Court. See Cooper v. Delta Chi Housing Corp.,41 Conn. App. 61, 65, 674 A.2d 858 (1996) (holding that sovereign immunity barred the inclusion of the apportionment defendant for the purpose of apportionment). General Statutes § 52-102b(c) specifically prohibits the apportionment plaintiffs' proposition that the apportionment defendant can be brought into the action for the purpose of apportioning liability only. See id. An immune person may not "be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes." General Statutes § 52-102b(c). Accordingly, the apportionment defendant may only be joined if there is a statute abrogating that immunity. See Babes v. Bennett, 247 Conn. 256,721 A.2d 511 (1998) (state subject to General Statutes § 52-572h
pursuant to waiver of sovereign immunity contained in General Statutes § 52-556); Murray v. Interlude, Inc., Superior Court, judicial district of Danbury, Docket No. 335780 (February 10, 2000, Moraghan, J.) (state not subject to General Statutes § 52-572h because "[t]here is no applicable legislation that automatically waives the state's immunity . . .
The apportionment plaintiffs argue that the apportionment defendant is subject to suit pursuant to General Statutes §§ 52-556 and 31-293a. "[L]iability may be apportioned among parties liable for negligence in any cause of action created by statute based on negligence. . . ." General Statutes § 52-572h(o) as amended by No. 99-69 of the 1999 Public Acts. Both §§ 52-556 and 31-293a are based on negligence as required by § 52-572h(o). Contrary to the apportionment plaintiffs' argument, however, neither abrogates the immunity of state employees nor provides the apportionment plaintiffs with a right to apportion against this apportionment defendant.
General Statutes § 52-556 provides that "[a]ny person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of actionagainst the state to recover damages for such injury." (Emphasis added.) The statute does not abrogate the immunity provided to state employees by § 4-165; it does not allow the apportionment defendant to be sued in her individual capacity. "It is axiomatic that when the words of a statute are clear, we must follow the statute as its language directs."Cooper v. Delta Chi Housing Corp. of Connecticut, supra, 41 Conn. App. 65. The words of the statute provide plaintiffs with a cause of actionagainst the state. The apportionment defendant does not cite any authority for her argument that the statute may also abrogate the individual immunity of state employees. Accordingly, the apportionment plaintiffs cannot reach this apportionment defendant for apportionment of CT Page 12712 liability pursuant to General Statutes § 52-556.
General Statutes § 31-293a[2] allows an employee to bring a cause of action against a fellow employee "based on the fellow employee's negligence in the operation of a motor vehicle . . . ." Section 31-293a
does not abrogate the immunity of state employees given under § 4-165. See Charleston v. Cahn, 52 Conn. App. 788, 790, 727 A.2d 815 (1999). A state employee may only sue a fellow state employee under 31-293a after receiving permission to bring the claim from the claims commissioner.[3]
Id. Accordingly, the apportionment plaintiffs must seek permission from the claims commissioner to bring the apportionment defendant into this action.
The apportionment defendant is immune from suit in her individual capacity pursuant to General Statutes § 4-165. General Statutes §§ 52-556 and 31-293a do not abrogate the apportionment defendant's immunity. Immune persons may not be brought into an action for the purpose of apportionment pursuant to General Statutes § 52-102b. Accordingly, the apportionment defendant's motion for summary judgment is granted.
BY THE COURT
Hon. Andre M. Kocay, J.